**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RYLEIGH STARLING,** ***individually and on behalf of a class of all persons and entities similarly situated,*** | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 3:26-cv-01039- B** |
| **v.** | § | |
| **WHAT IF HOLDINGS LLC d/b/a C4R MEDIA CORP.,** | § | |
| **Defendant.** | § | |

**DEFENDANT WHAT IF HOLDINGS, LLC'S NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF ITS MOTION TO DISMISS**

Defendant What If Holdings LLC d/b/a C4R Media Corp ("What If") files this Notice of Supplemental Authority to alert the Court to a new judicial decision by another federal district court in Texas issued since the close of briefing on What If's motion to dismiss[1] that is pertinent to the Court's disposition of that motion.

On November 6, 2026, District Judge Drew B. Tipton of United States District Court for the Southern District of Texas, Houston Division, adopted the conclusion of Magistrate Judge Dena H. Palermo's October 14, 2026 report and recommendation that the plaintiff's Section 227(c)(5) claim failed because the section's private right of action does not extend to text messages.[2] In other words, text messages do not fall within the scope of Section 227(c)(5)'s definition of "telephone call." The decision relied substantially upon the decision by the United

[1] Dkt. 17, 18.

[2] *See* **Exhibit A** (*Siringi v. Crust Pizza Co.*, No. 4:25-cv-04266, 2026 WL 3417126 (S.D. Tex. Oct. 14, 2026) (Palermo, M.J.)) and **Exhibit B** (*Siringi v. Crust Pizza Co.*, No. 4:25-cv-04266, 2026 WL 3392348 (S.D. Tex. Nov. 6, 2026) (Tipton, J.)).

States Court of Appeals for the Seventh Circuit in *Steidinger v. Blackstone Med. Servs.*, 182 F.4th 532 (7th Cir. 2026) and deemed *Steidinger* to be highly persuasive. What If has made the same argument here. While What If acknowledges that recent decisions from other federal district courts in Texas have reached a different conclusion regarding the applicability of Section 227(c)(5) to text messages, What If respectfully submits that the decisions attached hereto and the decisions cited in its memorandum and reply supporting its motion to dismiss are more persuasive and contain a more logical and sound interpretation of the TCPA's plain and unambiguous text.

**PRAYER**

For the foregoing reasons, What If respectfully requests that this Court enter an order dismissing Plaintiff's Complaint.

Respectfully submitted,

*/s/ Paul A. Rosenthal*

PAUL A. ROSENTHAL (admitted pro hac vice)
FAEGRE DRINKER BIDDLE & REATH LLP
600 Campus Drive
Florham Park, New Jersey
(973) 549-7000 (Telephone)
paul.rosenthal@faegredrinker.com

SARA E. INMAN (24073098)
FAEGRE DRINKER BIDDLE & REATH LLP
2323 Ross AveNUE, Suite 1700
Dallas, Texas 75201
(469) 357-2500 (Telephone)
sara.inman@faegredrinker.com

**CERTIFICATE OF SERVICE**

I hereby certify that on November 13, 2026, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Paul A. Rosenthal*
Paul A. Rosenthal
Counsel for Defendant